UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARIF A. RANGREJ,<br><br>                Petitioner,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security Administration,<br><br>                Respondent. | Case No. 1:14-cv-00287-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

# INTRODUCTION

Currently pending before the Court for consideration is Petitioner Sharif A. Rangrej's ("Petitioner") Petition for Review of the Respondent's denial of social security benefits, filed July 14, 2014. (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, and the administrative record ("AR"). For the reasons that follow, the Court issues this report recommending that the Commissioner's decision be affirmed.[1]

---

[1] The petition for review was randomly assigned to the undersigned Magistrate Judge. Petitioner requested reassignment on October 24, 2014, and District Judge Edward J. Lodge referred all matters to the undersigned Magistrate Judge on October 27, 2014. (Dkt. 19.)

**REPORT AND RECOMMENDATION - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner first filed an application for Supplemental Security Income on August 10, 2009, alleging disability due to chronic back pain. That application was denied, and he timely appealed the decision to this Court on October 13, 2011.  *See* Case No. 1:11-cv-00483-MHW. His appeal was denied and judgment entered in favor of the Respondent on March 22, 2013. Petitioner filed an appeal with the Court of Appeals for the Ninth Circuit, which affirmed the decision of the Court. Petitioner filed a petition for a writ of certiorari on May 11, 2015, which was denied on June 22, 2015.

Petitioner filed a second application for Disability Insurance Benefits and Supplemental Security Income on February 14, 2012, alleging disability beginning April 1, 1997, but a protected filing date of February 14, 2012, due to chronic low back pain. This application was denied initially and on reconsideration, and a hearing was held on February 7, 2013, before Administrative Law Judge (ALJ) John Molleur.  After taking testimony from Petitioner and vocational expert Polly Peterson, Ph.D., ALJ Molleur issued a decision on February 26, 2013, finding Petitioner not disabled. Petitioner timely requested review by the Appeals Council, which denied his request for review on June 27, 2014. Petitioner appealed this final decision to the Court. Petitioner is proceeding pro se, and has been throughout these proceedings. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 42 years of age. He has a twelfth grade education and attended college in India and the United States although he did not earn a

**REPORT AND RECOMMENATION - 2**

degree. He came to the United States in 1997 and became a naturalized citizen. He has no past relevant work.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving a disability in the first four steps of the sequential evaluation, after which the burden moves to the Commissioner at the fifth step. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since the application date, February 14, 2012. (AR 13.)

At step two, it must be determined whether claimant suffers from a severe impairment. The ALJ found that Petitioner's chronic back pain, caused by degenerative disc disease of the lumbar spine, and his unspecified speech impediment, were "severe" within the meaning of the Regulations. (AR 14.)

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner did not have an impairment or combination of impairments that meets or equals the criteria for the listed impairments. (AR 15.) The ALJ specifically considered listing 1.04 (spinal impairments) in his determination. If a claimant's impairments or combination of impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity ("RFC") and determine at step

**REPORT AND RECOMMENDATION - 3**

four whether the claimant has demonstrated an inability to perform past relevant work.

At step four, the ALJ found Petitioner was able to perform a limited range of light work. (AR 15.) The ALJ also found that, because Petitioner had no past relevant work, transferability of job skills was not an issue. (AR 20.)

Here, the ALJ found that Petitioner had the residual functional capacity to perform the requirements of representative occupations such as cannery worker, agricultural sorter, and toy assembler.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474

(1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard a claimant's self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where

**REPORT AND RECOMMENDATION - 5**

the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

It is difficult to decipher the specific issues Petitioner raises on appeal. It appears that, out an abundance of caution, Respondent has addressed each step of the sequential process. Because Petitioner appears pro se, the Court will address each step of the sequential process and the objections Petitioner appears to raise. However, it appears Petitioner generally disagrees with the ALJ's finding that he is not disabled, suggesting his argument is that the ALJ's findings are not supported by substantial evidence. Given that a determination of whether findings are supported by substantial evidence depends in part on the ALJ's assessment of Petitioner's credibility, the Court will address that issue as well. It appears also that Petitioner contends the ALJ erred by failing to give sufficient weight to the opinion of his treating physician, Dr. Scott Baldridge, who submitted a checkbox report regarding Petitioner's residual functional capacity and ability to work. The Court will therefore address the ALJ's consideration of Petitioner's treating physician's opinion.

1. **Severity**

Prior to finding a medically determinable physical or mental impairment severe, a claimant must establish the existence of a physical or mental impairment. 42 U.S.C. §

**REPORT AND RECOMMENATION - 6**

423(d), Soc. Sec. Ruling (SSR) 96-4p, available at 1996 WL 374181.[2] An impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004–5 (9th Cir. 2005). Reported symptoms alone cannot establish the existence of an impairment. *Id*. at 1005–6; SSR 96-4p.

For an impairment to meet the "severity" requirement, it must "significantly limit" one's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Basic work activities include physical functions such as walking, standing, sitting, and lifting; capacities for seeing, hearing and speaking; understanding, remembering, and carrying out simple instructions; using judgment; responding appropriately in a work situation; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b). Disability is defined, therefore, in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). Medical and other evidence must be furnished to establish the existence of the disability. *Bowen*, 482 U.S. at 146.

At step two, the AJL concluded that Petitioner suffered from "severe impairments," specifically, degenerative disc disease and an unspecified speech impediment. (AR 14.) Petitioner's medical records indicate Petitioner suffers from "very mild degenerative disc disease at L3-L4" and "mild" degenerative changes at L5-S1, but

---

[2] Social Security Rulings do not have the force of law but must be given some deference as long as they are consistent with the Social Security Act and regulations. *Ukolov v. Barnhart*, 420 F.3d 1002, n.2 (9th Cir. 2005). In *Ukolov*, the Ninth Circuit found that SSR 96-4p was consistent with the purposes of Titles II and XVI of the Social Security Act. *Id.*

**REPORT AND RECOMMENDATION - 7**

otherwise objective findings were normal. (AR 247, 296.)

Petitioner argues first that the ALJ erred by not including a finding that degenerative disc disease causes "chronic low back pain," and second, that the ALJ should have found him "disabled" at step two. However, pain is not an impairment that can be found "severe" at step two, because it is a symptom of an impairment. *See* Soc. Sec. Ruling 96-3p ("Symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s)."). Here, the ALJ found Petitioner suffered from an impairment diagnosed as degenerative disc disease of his lumbar spine, which caused his pain symptoms.

Next, Petitioner contends the ALJ was not to proceed beyond step two. However, the ALJ must proceed through all five steps of the sequential process, unless Petitioner retains the RFC to perform his past relevant work, which mandates a finding of not disabled at step four. Step two is simply a "de minimis screening device", and the only dispositive finding that an ALJ may make at step two is a finding of non-disability. 20 C.F.R. § 416.920(a)(4). Here, the ALJ concluded Petitioner suffered from severe impairments, and there was no error.

Petitioner appears to argue that the ALJ erred in finding his mixed connective

**REPORT AND RECOMMENATION - 8**

tissue disease not severe, citing evidence of a positive antibody (ANA) panel. Pet. Brief at 6-7 (Dkt. 22.) However, the ALJ acknowledged Petitioner's positive ANA panel in May of 2010 and August of 2011. (AR 14.) But, the ALJ noted the opinion of Petitioner's treating physician, Dr. Kelly Timmons, who explained that the positive panel could occur in the absence of an autoimmune disease, and there was "no evidence of mixed connective tissue disease based on his lab results, his review of systems, and his physical exam." (AR 14, 250.) Dr. Timmons's opinion is supported by other objective medical evidence of record, which noted "[a]utoimmune disease cannot be diagnosed by serology alone. Specific clinical criteria must also be documented." (AR 318.)

The record contains no other evidence of any clinical criteria supporting a finding that Petitioner suffered from an autoimmune disease. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004–5 (9th Cir. 2005) (An impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques). Reported symptoms alone cannot establish the existence of an impairment. *Id.* at 1005–6; SSR 96-4p. Therefore, the ALJ correctly concluded that Petitioner does not suffer from a severe impairment related to any autoimmune disease.

**2.     Meet or Equal a Listing**

The ALJ found that Petitioner's impairments did not meet or equal any listing. Specifically, the ALJ found that Petitioner's impairments did not meet or equal Listing 1.04, spinal disorders.

**REPORT AND RECOMMENDATION - 9**

If the claimant satisfies the criteria under a listing and meets the twelve month duration requirement, the Commissioner must find the claimant disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(iii), (d). A claimant bears the burden of producing medical evidence that establishes all of the requisite medical findings that his impairments meet or equal any particular listing. *Bowen v. Yuckert,* 482 U.S 137, 146, n. 5 (1987). Further, if the claimant is alleging equivalency to a listing, the claimant must proffer a theory, plausible or other, as to how his combined impairments equal a listing. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001).

An impairment, or combination of impairments, is medically equivalent to a listing "if it is at least equal in severity and duration to the criteria of any listed impairment," considering "all evidence in [the] case record about [the] impairment(s) and its effects on [the claimant] that is relevant…." 20 C.F.R. § 404.1526(a), (c). Further, equivalence depends on medical evidence only; age, education, and work experience are irrelevant. *Id.* at § 404.1526(c). Finally and critically, "the claimant's illnesses 'must be considered in combination and must not be fragmentized in evaluating their effects.'" *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694-95 (9th Cir. 1985)).

Here, the ALJ specifically noted Petitioner's spinal impairment did not meet the medical criteria for Listing 1.04. First, the record did not demonstrate evidence of the paragraph A criteria of listing 1.04, which is characterized by nerve root compression and

neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss, and positive straight-leg raising (AR 15.) And second, the ALJ noted that neither the paragraph B nor C criteria was met because the record did not establish the presence of spinal arachnoiditis or lumbar spinal stenosis resulting in pseudoclaudication.

Petitioner contends this is error, arguing one can have pain without these findings. However, Petitioner must meet the specific listing criteria for the ALJ to make a presumptive finding of disability at step three. A generalized assertion of functional problems is insufficient to establish that Petitioner met or equaled any Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

Next Petitioner suggests the ALJ should not have focused solely upon Listing 1.04. However, the ALJ is not required, "as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990).

Here, the ALJ explained his reasoning why Listing 1.04 was not met. Petitioner has not identified, nor does the record suggest, any other Listing that would be applicable. The Court finds no error at step three.

**3.    Credibility**

Petitioner complained his pain prevents him from standing or walking for more than ten minutes at a time, and prevents him from sitting in one place for more than twenty minutes. (AR 188.) Petitioner alleged also that he must lie down until his pain

**REPORT AND RECOMMENDATION - 11**

becomes comfortable. (AR 48.) Petitioner contends he cannot walk due to his pain. (AR 212.) Petitioner contends he can work for five to thirty minutes and then may have to rest, lay down, stretch, or nap before returning to his tasks. (AR 300.) The ALJ concluded Petitioner's testimony was not fully credible. (AR 18-19.)

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Reddick*, 157 F.3d at 722. Because the RFC determination must take into account the claimant's testimony regarding his capability, the ALJ must assess that testimony in conjunction with the medical evidence. "In evaluating the credibility of a claimant's testimony regarding subjective pain, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Chaudhry v. Astrue*, 688 F.3d 661, 670 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.2009), as amended (citations and internal quotation marks omitted)). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives specific, clear and convincing reasons for the rejection." *Id*. (citation and internal quotation marks omitted). General findings are insufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick*, 157 F.3d at 722.

The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). When the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; the amount and side effects of medications; and treatment measures taken by the claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p.

Here, the ALJ found Petitioner's statements about the intensity, persistence, and limiting effects of his chronic back pain symptoms were not credible. (AR 15-18.) First, the ALJ examined the objective medical evidence of record, and noted that all objective findings suggested only mild degenerative disc disease. For example, 2011 x-rays of Petitioner's lumbar spine indicated "minimal" degenerative disc disease unchanged since

2008. (AR 296, 317.) A 2010 bone scan was entirely normal, and an accompanying CT scan showed only mild degenerative changes. (AR 294.) In August of 2011, imaging showed a normal sacroiliac joint series. (AR 16, 316.) Imaging on October 24, 2012, indicated "minimal degenerative changes" at L3-L4. (AR 315.) The ALJ noted the objective medical evidence, and found them inconsistent with Petitioner's subjective complaints and alleged extreme limitations. (AR 16, 18.) The ALJ reasonably concluded Petitioner's subjective complaints were not reasonably supported by the objective medical evidence.

Second, the ALJ determined the Petitioner's allegations of disabling pain, a 9 on the 10 point pain scale at all times, were inconsistent with objective observations and findings made by his treating physicians. (AR 19.) For example, the ALJ cited an examination by Dr. Timmons, where Petitioner claimed to be experiencing pain at a level 9, yet Dr. Timmons observed no acute distress, normal mood and affect, and only "tenderness" to palpitation in the lower back. (AR 18-19; 260-61.) Petitioner presented to Dr. Baldridge in January of 2013, again rating his pain at level 9. (AR 18). However, Dr. Baldridge observed Petitioner's movements were fluid, his gait was even, and he remained seated throughout the approximate thirty minute visit. (AR 18, 298.) Because Petitioner's complaints about the severity of his pain were inconsistent with observations made by his care providers, the ALJ did not err in finding Petitioner not credible.

Finally, the ALJ noted Petitioner's treating physician, Dr. Baldridge, observed that Petitioner had "not pursued any course of treatment (physical therapy or pain

**REPORT AND RECOMMENATION - 14**

management) that might lead to improved function." (AR 18, 298.) Dr. Baldridge was of the opinion that Petitioner was not disabled, and had only mild work restrictions. (AR 17, 301.) A failure to follow prescribed treatment may be used as sufficient evidence to support a conclusion that a claimant is not credible in describing symptoms about pain, and form the basis for finding the complaint unjustified or exaggerated. *Orn v. Astrue*, 495 F.3d 625, 637-638 (9th Cir. 2007).

Petitioner contends he had insufficient funds to continue with further treatment. However, the ALJ observed Dr. Baldridge noted that Petitioner was not receptive to any suggested treatment because he claimed he was disabled. (AR 18, 301). Further, the ALJ noted Petitioner was referred to pain management specialists, but declined to meet with them. (AR 17, 337, 351.)

The Court finds no error with regard to the ALJ's credibility determination, and finds the credibility determination is supported by substantial evidence in the record.

### 4.     Treating Physician and Other Medical Sources

Reports of treating physicians submitted relative to Petitioner's work-related ability are persuasive evidence of a claimant's disability due to pain and her inability to engage in any form of gainful activity. *Gallant v. Heckler*, 753 F.3d 1450, 1454 (9th Cir. 1984). An ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes*

**REPORT AND RECOMMENDATION - 15**

*v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999). An ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been property discounted as not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Petitioner argues that the ALJ failed to give controlling weight to a March 2011 opinion of Dr. Baldridge, his treating physician. Pet. Brief at 13 (Dkt. 22.) Petitioner is referring to Dr. Baldridge's check box form, prepared in March of 2011, indicating an inability to stand, walk, or sit for more than thirty minutes at a time, or sit for more than four hours. (AR 266.) However, Dr. Baldridge qualified his report, stating the report was "completed based on [Petitioner's] reporting." (AR 270.) Dr. Baldridge's treatment notes in July of 2012 indicated that, "I told him I believe he has back pain, but I don't feel he is disabled." (AR 17, 301.) The ALJ appropriately rejected Dr. Baldridge's March 2011 opinion, because it was outside the relevant time period, was based entirely upon Petitioner's subjective reports of pain which were not credible, and more recent treatment

**REPORT AND RECOMMENATION - 16**

notes were afforded greater weight. (AR 17-19; 270.)

The ALJ considered also the reports prepared by Mr. Billing, a physical therapist who treated Petitioner. Mr. Billing is an "other medical source." SSR 06-03p. An ALJ must consider evidence from sources other than the claimant, including family members and friends, to show the severity of a claimant's impairment. 20 C.F.R. § 404.1513(d)(4); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). In rejecting other source testimony, the ALJ need only provide germane reasons for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (internal citations omitted)); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294 (9th Cir. 1999). Such reasons include conflicting medical evidence, prior inconsistent statements, or a claimant's daily activities. *Lewis v. Apfel*, 236 F.3d 503, 511–12 (9th Cir. 2001).

Mr. Billing performed an evaluation of Petitioner in April of 2012, indicating Petitioner had the capacity to work an eight hour day at light duty, standing for two hours in intervals of twenty minutes; sit for eight hours in one hour intervals; and walk for four to five hours. (AR 323-27.) The ALJ gave substantial weight to Mr. Billing's opinion that Petitioner could work an eight hour day, finding the opinion was consistent with the medical evidence of record; but the ALJ rejected Mr. Billing's findings regarding standing and walking because the medical evidence of record did not support it. (AR 19.) The ALJ found also that Mr. Billing's opinion was too heavily weighted toward the Petitioner's subjective reports, which were not credible. (AR 19.)

**REPORT AND RECOMMENDATION - 17**

The ALJ further concluded that Mr. Billing's assessment was contradicted by the medical evidence of record, and by the conclusions of two medical consultants who had examined Petitioner's medical records. Both Dr. Vestal and Dr. Crites, who performed reviews, were of the opinion that Petitioner could perform light work. (AR 19-20.)

The Court concludes the ALJ did not err in his evaluation of both Dr. Baldridge's and Dr. Billing's opinion testimony regarding Petitioner's ability to work, and that substantial evidence in the record supports the ALJ's conclusion.

5.      **RFC Determination**

At the fourth step in the sequential process, the ALJ determines whether the impairment prevents the claimant from performing work which the claimant performed in the past, i.e., whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). A claimant's residual functional capacity is the most he can do despite his limitations. 20 C.F.R. § 404.1545(a). An ALJ considers all relevant evidence in the record when making this determination. *Id*.  Generally, an ALJ may rely on vocational expert testimony. 20 C.F.R. § 404.1566(e); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). An ALJ must include all limitations supported by substantial evidence in his hypothetical question to the vocational expert, but may exclude unsupported limitations. *Bayliss*, 427 F.3d at 1217. In other words, the ALJ need not consider or include alleged impairments that have no support in the record. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163–64 (9th Cir. 2000).

**REPORT AND RECOMMENATION - 18**

The ALJ's RFC determination indicated Petitioner retained the RFC to perform light work, "but could not climb ropes, ladders or scaffolds. He can perform other postural activities only frequently. He should have no concentrated exposure to extremes of cold or vibrations. He should have no more than brief and incidental contact with the general public due to his stuttering and because English is his second language." (AR 15.) Petitioner contends the ALJ erred because Petitioner requires frequent breaks throughout the day, rendering him unable to work. Pet. Brief at 15-16 (Dkt. 22.)

Petitioner simply restates his argument that the ALJ's RFC finding did not account for all his limitations because the ALJ improperly discounted his testimony and that of his medical experts. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). However, the ALJ gave sufficient reasons for rejecting Petitioner's testimony and for finding him not credible, as discussed above. The ALJ did not err in this regard.

## CONCLUSION

The Court finds the ALJ's decision is supported by substantial evidence in the record, and is not the product of legal error. Therefore, the Court recommends that the Commissioner's decision finding the Petitioner not disabled within the meaning of the Social Security Act be affirmed.

**REPORT AND RECOMMENDATION - 19**

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY RECOMMENDED THAT** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**, with judgment entered in favor of the Respondent.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **August 31, 2015**

Honorable Candy W. Dale
United States Magistrate Judge