UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARIF RANGREJ, | Case No. 1:14-CV-00287-EJL-CWD |
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | |
| Respondent. | |

**INTRODUCTION**

On August 31, 2015, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that the Petition for Review be dismissed. (Dkt. 30.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Petitioner filed written objections to the Report

**ORDER ADOPTING REPORT AND RECOMMENDATION- 1**

and the Respondent filed a response to the same. (Dkt. 33, 34.) The matter is ripe for the

Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in

whole or in part, the findings and recommendations made by the magistrate judge." Where

the parties object to a report and recommendation, this Court "shall make a de novo

determination of those portions of the report which objection is made." *Id.* Where, however,

no objections are filed the district court need not conduct a *de novo* review. In *United States*

*v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements

of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge
> must review the magistrate judge's findings and recommendations de novo if
> objection is made, but not otherwise. As the *Peretz* Court instructed, "to the
> extent de novo review is required to satisfy Article III concerns, it need not be
> exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal
> citation omitted). Neither the Constitution nor the statute requires a district
> judge to review, de novo, findings and recommendations that the parties
> themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an
> objection or request for review by the defendant, the district court was not
> required to engage in any more formal review of the plea proceeding."); *see
> also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for
> Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the

extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ.

P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days

of service of the Report and Recommendation). "When no timely objection is filed, the Court

**ORDER ADOPTING REPORT AND RECOMMENDATION- 2**

need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Petitioner has objected and finds as follows.

## DISCUSSION

The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 30.) Petitioner filed an application for Supplemental Security Income alleging disability due to chronic back pain. The application was denied and Petitioner filed an appeal of the final decision to this Court. The Report concluded that the Administrative Law Judge's ("ALJ") decision finding the Petitioner was not disabled was supported by substantial evidence in the record and without legal error. (Dkt. 30.)

This Court has reviewed the original briefing of the parties, the Administrative Record, the Report, the objections and responses thereto, and the entire record herein. This review was undertaken with the Court being mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the

**ORDER ADOPTING REPORT AND RECOMMENDATION- 3**

procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary pro se litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)). Applying these principles here, this Court is in agreement with the reasoning and conclusion of the Report that the ALJ's decision should be affirmed.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 31, 2015 (Dkt. 30) is **ADOPTED** as follows:

1) The Commissioner's decision finding the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED**.

2) The Petition for Review (Dkt. 2) is **DISMISSED**.

3) Judgment shall be entered in favor of the Respondent.

DATED: **February 18, 2016**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION- 4**